## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Roger Jerome Day,

                Plaintiff,

v.

Keith Ellison, Tim Walz, and
Dan Ganin,

                Defendants.

Case No. 23-cv-3826 (PAM/ECW)

**ORDER**

This case is before the Court on Plaintiff Roger Jerome Day's Motion requesting referral to the Federal Bar Association's Pro Se Project ("Pro Se Project").  (Dkt. 3.) Plaintiff states that he has a "profound litigation-affecting disability, which renders [him] nearly incapable of making timely and effective communications to the Court, or, to potential counsel," and that he "requires assistance connecting with potential representation – which might be achieved by the Court referring [him] to the Pro Se Project."  (*Id.*).

This is a civil case, filed on December 15, 2023, in which Plaintiff alleges that Minnesota Attorney General Keith Ellison, Minnesota Governor Tim Walz, and "attorney for B.O.P." Dan Ganin are "intentionally disseminating false information" about Plaintiff and his medical history on state government websites and "obstructing [his] applications for disability accommodation."  (*See generally* Dkt. 1 at 4.)  He seeks an order compelling Defendants' "A.D.A. Compliance" and a declaration that "[D]efendants do comprise a RICO syndicate that is doing corrupt acts," among other things.  (*Id.*)  He

alleges in his Complaint that he needs "disability accommodation to complete" his Complaint. (*Id.* at 5.) Summons issued for all three Defendants on December 18, 2023. (Dkt. 2.) Plaintiff has not filed any proof of service of the Summons, nor did he make any other filings until he filed his Motion seeking a Pro Se Project referral (received on May 6, 2024). (Dkt. 3.)

"There is no constitutional right to appointed counsel in civil cases." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). To the extent Plaintiff is relying on the Americans with Disabilities Act ("ADA"), "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities." *Douris v. New Jersey*, 500 F. App'x 98, 101 (3rd Cir. 2012); *see also Pinson v. Equifax Credit Information Servs. Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009) ("To the extent the [plaintiffs] contend the ADA and Rehabilitation Act required the court to appoint counsel on its own volition, we find no support for the proposition."); *Henderson v. Minnesota*, No. 19-CV-135 (MJD/ECW), 2019 WL 2223950, at *1 (D. Minn. May 23, 2019) (denying disability-based request for appointment of counsel and referral to Pro Se Project in civil case); *Reed v. Common Bond, LLC*, No. 18-CV-263-PP, 2019 WL 252037, at *3 (E.D. Wis. Jan. 17, 2019) ("The [Eastern District of Wisconsin] court acknowledges that the plaintiff is disabled, but the law does not entitle her to a court-appointed lawyer as an accommodation for those disabilities."). Further, "the Court has no obligation to refer a pro se litigant to the *Pro Se Project*." *Henderson*, 2019 WL 2223950, at *2 (quoting *Rickmyer v. ABM Sec. Servs., Inc.*, No. CV 15-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016)

2

(denying motion for referral to the *Pro Se* Project framed as ADA accommodations request), *aff'd*, 668 F. App'x 685 (8th Cir. 2016)).  Consequently, the Court denies Plaintiff's Motion seeking a referral to the Pro Se Project.[1]

The Court notes that over 146 days have passed since Day filed the Complaint on December 15, 2023.  (Dkt. 1.)  Summons issued on December 18, 2023 (Dkt. 2), and, as discussed above, it appears that Day has not served the Complaint on any Defendant. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Consistent with Rule 4(m), Plaintiff is ordered to effectuate service of the Complaint and file proofs of service with the Court within 30 days, on or before **June 10, 2024**.  If Plaintiff fails to do so, the Court will recommend dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); *see also Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

---

[1]    The Court notes that Plaintiff filed the Complaint and brought this Motion without the assistance of counsel, and has filed several other cases in this District.  *See Day v. State of Minnesota*, Case No. 05-cv-2675 (MJD/RLE) (D. Minn.); *Day v. Mayo Clinic, N.P.*, Case No 08-cv-1096 (DWF/AJB); *Day v. State of Minnesota*, Case No. 19-cv-398 (JNE/ECW).  The Court further notes that Plaintiff has not identified with any specificity what accommodations he would need based on his alleged disability, other than requesting a Pro Se Project referral.

Based upon the Court's consideration of all the files, records and proceedings herein, Plaintiff's Motion (Dkt. 3) is **DENIED**.

Date:  May 10, 2024                    *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

4